022212fN

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| REX R. ETTEN, | ) |
| Plaintiff, | ) No. 11-30 EJM |
| vs. | ) ORDER |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of his application for social security disability benefits. The briefing schedule concluded on November 25, 2011. The court has jurisdiction pursuant to 42 USC §405(g). Affirmed.

Claiming an onset date of November 30, 2005, plaintiff alleges disability due to a crush injury to the right hand, a right shoulder injury, and diabetes mellitus. Plaintiff asserts the Administrative Law Judge (ALJ) erred in evaluating his subjective allegations. Accordingly, he asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

<u>Robinson v. Sullivan</u>, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

The ALJ found plaintiff's severe impairments included a crush injury to the right hand, a right shoulder injury, and diabetes mellitus, but further found that he retained the ability to perform substantial gainful activity. Plaintiff asserts that the ALJ relied only upon his daily activities in discounting the credibility of his subjective allegations, and that none of those activities are inconsistent with disability.

Upon review, it is the court's view that in discounting the credibility of plaintiff's subjective allegations, the ALJ did not rely upon plaintiff's daily activities alone, but rather set forth multiple properly supported reasons in his decision, including inconsistencies between those allegations and objective medical evidence, some inconsistencies regarding daily activities, generally successful surgical repair, as well as consideration of the treatment notes and views of plaintiff's treating physician, and views of reviewing physicians, all as set forth in the ALJ's decision.

Upon the foregoing, and without minimizing the seriousness of plaintiff's impairments, it is the court's view that the Commissioner's decision is supported by substantial evidence on the record as a whole.

It is therefore

ORDERED

Affirmed.

March 15, 2012.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT